UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC MIRAMONTE 1 LLC, | No. 2:24-cv-01409-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| DAMION MCNAIR and DOES 1 through 10, inclusive, | |
| Defendants. | |

This is an unlawful detainer action brought under California state law by Plaintiff TC Miramonte 1 LLC against Defendants Damion McNair and Does 1 through 10. On Friday, May 17, 2024, Defendant McNair filed a Notice of Removal in federal court, seeking to remove the action from Sacramento County Superior Court. (*See* Not. of Removal from Sacramento Cnty. Superior Ct. (ECF No. 1) ("Removal Not.").)

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010);

*Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citation omitted) (quoting *Audette v. International Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant

may interpose." *California*, 215 F.3d at 1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim, or that a defense or counterclaim would arise under federal law.").

Here, Defendant has not shown that removal of the action to this Court is appropriate based on the presence of a federal question.  Defendant invokes the statute governing removal of cases involving the denial of a plaintiff's civil rights, 28 U.S.C. § 1443.  (*See* Removal Not. at 2.)  However, Plaintiff brings a single, straightforward unlawful detainer action claim against Defendants, which is a matter purely of state law.  *See, e.g.*, *Wells Fargo Bank NA v. Zimmerman*, No. 2:15-CV-08268-CAS-RWX, 2015 WL 6948576, at *3 (C.D. Cal. Nov. 10, 2015) (collecting cases in which courts remanded the matter back to state court where the only claim alleged was an unlawful detainer action).  Defendant also cannot invoke a potential defense to the unlawful detainer action sounding in a civil rights claim based on racial discrimination to establish federal question jurisdiction.  *See Caterpillar, Inc.*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *ARCO*, 213 F.3d at 1113.  Therefore, Defendant has failed to establish federal question jurisdiction.

Further, even though Defendant does not invoke diversity jurisdiction, it is clear that the case does not meet the amount-in-controversy requirement of $75,000.  *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (citing 28 U.S.C. § `1332(a)).  As an initial matter, the Sacramento County Superior Court Complaint states that the case is a limited action that does not exceed $10,000.  (*See* Removal Not. at 8.)  In determining the amount in controversy, courts first look to the complaint. *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Generally, "the sum

claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Even assuming that Defendant established that Plaintiff did not make the damage allegation in good faith, however, Defendant, as the removing party, has failed to establish by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional threshold at the time of removal. *See Canela*, 971 F.3d at 849 (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Based on the unlawful detainer complaint, the most this case could be worth is about $27,000 based on the full market value of Defendant's 12-month lease with Plaintiff. (*See* Removal Not. at 9.) Thus, Defendant has failed to allege the minimum amount-in-controversy to establish diversity jurisdiction. *See Canela*, 971 F.3d at 850.

Accordingly, the Court hereby REMANDS this case to Sacramento County Superior Court for all future proceedings. This order resolves all pending motions.

Dated:  May 20, 2024              /s/ Daniel J. Calabretta
                                  THE HONORABLE DANIEL J. CALABRETTA
                                  UNITED STATES DISTRICT JUDGE

DJC3 – McNair.24cv1409.remand.mot.UD.axn

4